1  JOHN A. KRISTOFFERSON (SBN 304255)
   *jkristofferson@adamsferrone.com*
2  ADAMS, FERRONE & FERRONE, APLC
   4333 Park Terrace Dr., Suite 200
3  Westlake Village, CA 91361
   Telephone: (805) 373-5900
4  Facsimile:  (818) 874-1382

5  [*Counsel for Plaintiffs*
   West Covina Fire Fighters,
6  International Association of Fire Fighters Local 3226, *et al.*]

7

8                 **UNITED STATES DISTRICT COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10

11

| | |
|---|---|
| WEST COVINA FIRE FIGHTERS, IAFF LOCAL 3226; MATT JACKSON, TODD SMITH, GREG LAFLUER, EDGAR VELA, SCOTT GILMORE, BRENT MEIER, JASON ROBLES, PETER AGUILAR, MICHAEL HAMBEL, CARLOS GALVEZ, SEAN WISE, AND ERIC GONZALEZ, <br><br> Plaintiffs, <br><br> v. <br><br> LARRY WHITHORN, individually and as Fire Chief of the West Covina Fire Department; CITY OF WEST COVINA, a public agency and/or municipal corporation; LLOYD JOHNSON, individually, and as Mayor of West Covina; and DOES 1 THROUGH 10, <br><br> Defendants | Case No.: <br><br> COMPLAINT FOR: <br><br> (1) RETALIATION BASED ON EXERCISE OF FIRST AMENDMENT RIGHTS – 42 U.S.C. §1983 <br><br> [DEMAND FOR JURY TRIAL] |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 1 -
COMPLAINT AND DEMAND FOR JURY TRIAL

1      Plaintiffs WEST COVINA FIREFIGHTERS ASSOCIATION,
2   INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL 3226, a non-
3   profit organization, on behalf of itself, and its members MATTHEW JACKSON,
4   TODD SMITH, GREG LAFLUER, EDGAR VELA, SCOTT GILMORE, BRENT
5   MEIER, JASON ROBLES, PETER AGUILAR, MICHAEL HAMBEL, CARLOS
6   GALVEZ, SEAN WISE, AND ERIC GONZALEZ (collectively referred to
7   hereinafter as "PLAINTIFFS") allege as follows:
8      1.      Plaintiff WEST COVINA FIRE FIGHTERS, INTERNATIONAL
9   ASSOCIATION OF FIRE FIGHTERS, LOCAL 3226 (hereinafter referred to as,
10  "WCFA") is an association representing non-management further fire personnel employed
11  by the City of West Covina. The WCFA is the "recognized employee organization,"
12  (as that term is used in California Government Code section 3501, subdivision (b)),
13  for the City of West Covina's sworn-in, non-management, fire department personnel
14  who maintain the classifications of Firefighter, Fire Engineer, or Fire Captain. The
15  WCFA brings this action on behalf of itself as well as its current and former
16  employees.
17     2.      Plaintiff MATTHEW JACKSON ("JACKSON") is, and at all times
18  mentioned herein was, a West Covina Fire Captain and the WCFA's President.
19  Further, JACKSON is, and at all times mentioned herein was, a resident of the State
20  of California.
21     3.      Plaintiff TODD SMITH ("SMITH") is, and at all times mentioned herein
22  was, a West Covina Fire Engineer and the WCFA's Vice President. Further, SMITH
23  is, and at all times mentioned herein was, a resident of the State of California.
24     4.      Plaintiff GREG LAFLUER ("LAFLUER") is, and at all times mentioned
25  herein was, a West Covina Fire Engineer and WCFA member. Further, LAFLUER is,
26  and at all times mentioned herein was, a resident of the State of California.
27     5.      Plaintiff EDGAR VELA ("VELA") is, and at all times mentioned herein
28  was, a West Covina Firefighter and WCFA member. Further, VELA is, and at all

- 1 -
COMPLAINT AND DEMAND FOR JURY TRIAL

1  times mentioned herein was, a resident of the State of California.

2      6.    Plaintiff SCOTT GILMORE ("GILMORE") is, and at all times

3  mentioned herein was, a West Covina Fire Captain and WCFA member. Further,

4  GILMORE is, and at all times mentioned herein was, a resident of the State of

5  California.

6      7.    Plaintiff BRENT MEIER ("MEIER") is, and at all times mentioned

7  herein was, a West Covina Firefighter and WCFA member. Further, MEIER is, and

8  at all times mentioned herein was, a resident of the State of California.

9      8.    Plaintiff JASON ROBLES ("ROBLES") is, and at all times mentioned

10  herein was, a West Covina Fire Captain and WCFA member. Further, ROBLES is,

11  and at all times mentioned herein was, a resident of the State of California.

12      9.    Plaintiff PETER AGUILAR ("AGUILAR") is, and at all times

13  mentioned herein was, a West Covina Firefighter and WCFA member. Further,

14  AGUILAR is, and at all times mentioned herein was, a resident of the State of

15  California.

16      10.    Plaintiff MICHAEL HAMBEL ("HAMBEL") is, and at all times

17  mentioned herein was, a West Covina Fire Engineer and WCFA member. Further,

18  HAMBEL is, and at all times mentioned herein was, a resident of the State of

19  California.

20      11.    Plaintiff CARLOS GALVEZ ("GALVEZ") is, and at all times

21  mentioned herein was, a West Covina Firefighter and WCFA member. Further,

22  GALVEZ is, and at all times mentioned herein was, a resident of the State of

23  California.

24      12.    Plaintiff SEAN WISE ("WISE") is, and at all times mentioned herein

25  was, a West Covina Firefighter and WCFA member. Further, WISE is, and at all

26  times mentioned herein was, a resident of the State of California.

27      13.    Plaintiff ERIC GONZALEZ ("GONZALEZ") is, and at all times

28  mentioned herein was, a West Covina Fire Captain and WCFA member. Further,

- 2 -

COMPLAINT AND DEMAND FOR JURY TRIAL

1    GONZALEZ is, and at all times mentioned herein was, a resident of the State of

2    California.

3         14.    Defendant CITY OF WEST COVINA (hereinafter, "WEST COVINA")

4    is a municipal corporation, operating as a charter law city, and organized under the

5    Constitution and laws of the State of California. WEST COVINA's principal place of

6    business is within the City of West Covina, all of which is within the boundaries of

7    the Central District of California.

8         15.    Defendant LARRY WITHORN ("WHITHORN"), is, and at all times

9    mentioned herein was, a resident of California, and employed by WEST COVINA as

10   the Chief of its Fire Department.  As the Fire Chief, WHITHORN was vested with

11   the power and authority to make and approve WEST COVINA's policies, including

12   those related to operations and practices of its fire department. WEST COVINA

13   vested WHITHORN with the power and authority to make and approve decisions

14   relating to WEST COVINA's fire personnel, including but not limited to, initiation of

15   internal investigations, operation decisions, promotions, demotions, and imposition of

16   discipline. PLAINTIFFS sue WHITHORN both in his personal and official

17   capacities.

18        16.    At all times mentioned herein, Defendant LLOYD JOHNSON

19   ("JOHNSON") was a resident of the State of California and employed as WEST

20   COVINA's Mayor.

21        17.    PLAINTIFFS are informed and believe and thereon allege that actions or

22   failures to act, taken by and through WEST COVINA's designated employees and

23   agents, were committed within the purpose and scope of their employment or

24   relationship with WEST COVINA and in their official capacity as employees of

25   WEST COVINA and that WEST COVINA is legally responsible for all such acts or

26   omissions.

27        18.    PLAINTIFFS do not know the true names and capacities of DOES 1

28   through 10, inclusive, and thus sues said Defendants by fictitious names.

- 3 -

COMPLAINT AND DEMAND FOR JURY TRIAL

1  PLAINTIFFS will identify the true names and capacities of DOES 1 through 10,

2  inclusive, if and when they are ascertained. PLAINTIFFS are informed, believe, and

3  thereon allege that each of the fictitiously named Defendants is in some manner

4  legally responsible for the occurrences alleged herein.

5      19.    PLAINTIFFS are informed and believe and thereon allege that

6  Defendants, and each of them, at all times herein mentioned, were the agents,

7  employees, servants, and/or co-conspirators of the remaining Defendants. Plaintiffs

8  are further informed, believe, and thereon allege that Defendants, and each of them,

9  were the actual and/or ostensible agents of the remaining Defendants and were acting

10  within the course and scope of said agency.

11                    **JURISDICTION AND VENUE**

12      20.    The claims alleged herein are asserted pursuant to the U.S. Constitution

13  and title 42, section 1983 of the United States Code.  This matter is within the

14  jurisdiction of the Court under title 28, sections 1331 and 1343. Additionally, this

15  Court has supplemental jurisdiction over the state claim, pursuant to subdivision (a)

16  of section 1367 of title 28, as the matters complained of arise out of the same facts

17  and circumstances giving rise to the claim under title 42, section 1983.

18      21.    The acts complained of occurred within the physical jurisdictional

19  boundaries of this district and, therefore, venue is proper in the United States District

20  Court for the Central District of California. 28 U.S.C. §1391.

21  **I.    ALLEGATIONS COMMON TO THE CLAIMS FOR RELIEF**

22      22.    Between January 2015 through present day, Plaintiff WCFA has

23  collectively bargained with Defendant WEST COVINA over a successor union

24  contract; during this time, the WCFA has complained and reported publicly that the

25  Defendants have been violating state law and administrative regulations by their

26  failing to collectively bargain fairly, timely, and appropriately.

27      23.    PLAINTIFFS have complained and reported publicly that the

28  Defendants have been violating state law and administrative regulations by engaging

- 4 -

COMPLAINT AND DEMAND FOR JURY TRIAL

1  in illegal conduct in the manner in which they have treated and retaliated against

2  Plaintiffs.

3      24.    PLAINTIFFS have complained and reported publicly that the

4  Defendants have bargained regressively.

5      25.    PLAINTIFFS have complained and reported publicly that in April 28,

6  2015, Defendants violated state law and administrative regulations, and disregarded

7  the interests of the public and their safety, by dramatically reducing fire department

8  safety staffing, without hearing the concerns of the Plaintiffs, all in furtherance of

9  their retaliatory agenda.

10      26.    PLAINTIFFs filed two formal complaints on or about May 6, 2015,

11  regarding the Defendant's illegal actions; PLAINTIFFS filed an unfair labor charge

12  with the Public Employment Relations Board on or about June 2, 2015, which

13  ultimately went to trial and resulted in a binding decision from an administrative law

14  judge holding that Defendants in fact did violate state law with respect to their

15  actions, as alleged herein, during collective bargaining.

16      27.    Beginning in or about June 2015, and in furtherance of their goal to

17  eviscerate the Fire Department, Defendants dramatically undercut staffing, all to the

18  detriment of the public.

19      28.    PLAINTIFFS began airing television commercials on local news

20  networks informing the public of these dangerous staffing cuts, and successfully

21  brought to light the issue that Defendants had attempted to conceal.

22      29.    In or about July 2015, PLAINTIFFS began posting advertisements and

23  notices in the local newspaper, further informing the public of these dangerous

24  staffing cuts.

25      30.    In or about June 2016, PLAINTIFFS WCFA exercised their rights under

26  the FLSA, and complained and reported to WEST COVINA the questionable practice

27  of forcing Plaintiffs to come into work early or hold over after their shift without

28  compensation.

COMPLAINT AND DEMAND FOR JURY TRIAL

31.   In or about June, 2016, PLAINTIFFS ceased volunteering for extra duties not required by their employment.

32.   Plaintiffs thereafter in or about June 2016 began filing grievances and complaints when Defendant WHITHORN began forcing Plaintiffs to perform duties outside their job classifications.

33.   Due to the egregious and cumulative effect of the allegations herein, on or about July 2016 through November 2016, PLAINTIFFS WCFA engaged in public picketing of City Council meetings every first and third Tuesday of the month, as well as at publicly visual street corners in the City, while handing out fliers demonstrating the illegal activities of the Defendants.

34.   In or about December 2016, PLAINTIFFS filed a second unfair labor charge with the Public Employment Relations Board, alleging retaliation against the Claimants for engaging in this protected speech.

35.   In or about March 2017, PLAINTIFFS began sending out mailers and activated a social media account, all for the purpose of educating the public on the illegal actions of the Defendants, to expose the Defendant's retaliation, and to demonstrate their intent on dramatically reducing public safety by cutting fire personnel.

36.   In or about April, 2017, the Public Employment Relations Board issued a complaint on behalf of the Plaintiffs and against Defendants based upon the allegations set forth.

37.   There are additional activities not included here, but all of which form the basis of the PLAINTIFFS' protected activities.

38.   PLAINTIFFS have disclosed, complained, and reported to WEST COVINA the illegal and civil rights violations committed by a Fire Department Employee against other City employees and members of the public. However, the violating employee, being close personal friends with WHITHORN, has received no discipline nor reprimand for his actions. This employee, upon learning of the

- 6 -

COMPLAINT AND DEMAND FOR JURY TRIAL

1  complaints and disclosures, vowed to exact revenge against Plaintiff WCFA. In

2  conjunction with WHITHORN, this employee has taken egregious actions against the

3  WCFA.

4       39.    Instead of being duly disciplined for his violations, WHITHORN's

5  friend was given the opportunity to take a promotional exam to become Assistant

6  Chief, and WHITHORN ensured that his friend would be the only internal candidate

7  to be promoted.

8       40.    In approximately 2014, this employee began referring to himself as "The

9  Angel of Death." The employee became upset with a homeless person in the City,

10  telling this homeless person that he was the "Angel of Death" and that he would not

11  tolerate having homeless people in his City. This behavior severely undermined the

12  credibility and image of the Fire Department, and caused the Department and its

13  members to lose the public trust.

14       41.    A complaint was sent via email by a concerned citizen who witnessed

15  the "Angel of Death" threatening a homeless individual, and the email was forward to

16  WHITHORN. Shockingly, WHITHORN did not provide any discipline or take any

17  corrective action, instead threatening WCFA President JACKSON and another

18  individual. WHITHORN threatened that if he was able to corroborate his belief that

19  the email was generated by a WCFA member, that member would be disciplined 10

20  times more than his friend.

21       42.    In 2016, the "Angel of Death" was the subject of multiple complaints of

22  racial harassment and discrimination, as he was witnessed continuously making racist

23  comments about fellow employees and WCFA members, commenting that their skin

24  resembled engine exhaust, sending and receiving racist videos while on duty and

25  comparing the videos to other employees of Latin descent. When these disgusting

26  acts of racial harassment were reported to Defendant WEST COVINA through the

27  Human Resources Department, the WCFA was told "all of these complaints just

28

- 7 -

COMPLAINT AND DEMAND FOR JURY TRIAL

1  sound like more noise from the Association" referring to the protected activity

2  outlined herein. Again, no corrective action was taken against WHITHORN's friend.

3       43.    In or about July 2016, Defendants retaliated against the WCFA further

4  by unilaterally changing the way tuition reimbursement could be claimed by

5  eliminating the ability to seek reimbursement for many important courses. At no

6  point did the Defendant seek to meet and confer with the WCFA on this issue.

7  **II. DEFENDANTS RETALIATED AGAINST THE WCFA FOR EXERCISING THEIR FIRST AMENDMENT RIGHTS**

8       44.    On July 7, 2016, while engaged in picketing of a City Council meeting

9  with other members of the WCFA, LAFLUER was accosted by Defendant

10  WHITHORN. WHITHORN went on to tell LAFLUER that City Council might get

11  upset seeing LAFLUER picketing while he was out for an injury. LAFLUER was

12  informed that his union activity could impact his ability to return to work.

13  WHITHORN, seeing LAFLUER engaging in protected union activity as a member of

14  the WCFA, threatened his continued employment and his ability to return to work,

15  providing no legitimate reason for doing so.

16       45.    On July 28, 2016, LAFLUER was released back to work by his treating

17  doctor. LAFLUER was then informed that the City had created new "fit for duty"

18  requirements and that he would need to fulfill these requirements in order to return to

19  work.

20       46.    On August 1, 2016, LAFLUER inquired as to whether his fit for duty

21  appointment had been set. WHITHORN stated that he was unable to set the

22  appointment because he was busy dealing with association grievances. Prior to this

23  event, all fit for duty appointments were done the same day that the employee was

24  released. WHITHORN blatantly abused the fit for duty appointment-and-return-to-

25  work system as a way to retaliate against LAFLUER for his activity with the WCFA,

26  as well as a means to retaliate against the WCFA for the filing of grievances under

27  the MOU.

28

COMPLAINT AND DEMAND FOR JURY TRIAL

47.     Defendant WHITHORN's delayed reinstatement of LAFLUER, prefaced by his statement that his union activity could delay his return to work, are indicative of the purposeful retaliatory action that WEST COVINA has against LAFLUER as a member of the WCFA.

48.     WHITHORN approached a new employee and made threats to his employment regarding his participation in union picketing of City Hall. This is a violation of sections 3502, 3506, 3506.5(a) and 3506.5(b) of the California Government Code, as well as a clear and unmitigated threat of retaliation against the employee for engaging in activity protected by the First Amendment.

49.     On August 5, 2016, Chief McDermott of the West Covina Fire Department was witnessed by GILMORE as being upset. When questioned, Chief McDermott stated that, "I don't know what the association is up to, but this will go badly for them." This is a clear indication of Chief McDermott's intent to take action against the WCFA. This was following the submission of an email sent to a member regarding racial harassment within the City. Rather than attempt to investigate the complaint, McDermott turned his attention to retaliating against the WCFA membership.

50.     In August 2016, Defendant WEST COVINA threatened to not allow the members of the WCFA to provide assistance in the statewide wildland fires, due to protected union activity.

51.     In 2016, WHITHORN followed through on his threat to demand doctors' notes for each day of sick time used, asking WCFA member Hardy Mosley for a doctor's note in November, 2016. This threat was made and carried out due to the Association filing grievances, as well as from resigning from the voluntary positions.

52.     In August 2016, WHITHORN threatened to eliminate the department's explorer post due to protected union activity.

53.    August 16, 2016, WHITHORN threatened to delay station repairs due to protected union activity, delaying repairs to a bathroom in Station 1. This delay was allegedly due to Defendant WHITHORN being "too busy" dealing with WCFA grievances. Nothing corroborates WHITHORN's representation that the delays were due to unavailability or an increased workload.

54.    Defendant WHITHORN's intentional delay of the bathroom repairs caused the bathroom to remain in a state of disarray for a period of approximately one year, causing black mold to develop in the bathroom. This matter was not corrected until an employee took it upon himself to contact an OSHA representative. [RJN].

55.    In September, 2016, WHITHORN followed through on this threat to eliminate the explorer post position, eliminating the position without justification.

56.    The explorer post program elimination was appealed by the Assistant Chief, and the City Manager re-opened the position. Upon the Chief's return from personal leave, he immediately withdrew funding from the program, regardless of the fact that there had been no issues staffing the position. WHITHORN unilaterally determined, without justification, that the position would be closed in retaliation for protected WCFA activity.

57.    WEST COVINA has maintained open positions since August 2017 to present, forcing the WCFA members to work excessive overtime, creating dangerous and unacceptable working conditions for the WCFA members, as well as forcing members to call in sick in order to get the rest necessary to perform their duties safely.

58.    The WCFA has presented numerous solutions to Defendant WEST COVINA to alleviate the excessive overtime, including the hiring of more personnel, but the City has failed to maintain the necessary staffing.

59.    Instead of filling the open positions, WEST COVINA has repeatedly suggested that the WCFA agree to close one of the engines, in violation of the agreed upon minimum staffing levels.

COMPLAINT AND DEMAND FOR JURY TRIAL

60.    In or around January, 2017, Assistant Chief Mike Fountain met with Plaintiff GILMORE, Andy Robertson and Plaintiff LAFLUER to discuss his expectations for the year. In this conversation, Fountain indicated that the City would be changing the change in shift time to 6:00am. Gilmore indicated that such a change appeared to be retaliatory against the WCFA membership, to which Fountain replied "Well you guys started it."

61.    In the same conversation in or around January, 2017, LAFLUER asked Fountain whether the change of relief time had regularly been 8:00am, to which Fountain stated that the employees had never requested overtime on a regular basis when working beyond 8:00am. Fountain's statements indicated WEST COVINA's intent to retaliate against the WCFA for requesting that they be paid for overtime worked.

62.    In or around May 2017, Defendants threatened to demote Plaintiff GALVEZ and Plaintiff WISE, two members of the WCFA board, stating that they were in grant promotional positions. This threat was made in order to intimidate the board members into ceasing protected union activity, and in violation of city personnel rules.

63.    On or around May 4, 2017, AC Mike Fountain and Plaintiff GILMORE had a conversation regarding the opening of the promotional exams. Gilmore expressed his concern that the opening of the promotional exams to outside candidates seemed to be retaliation for union activity.

64.    In that same conversation on or around May 4, 2017, Fountain indicated that the opening of the promotional exams to outside candidates was in fact retaliation for the protected union activity.

65.    In or around October 2017, WEST COVINA opened the Assistant Chief test to outside candidates due to protected union activity, against the City Municipal Code and outside of all past practices of the West Covina Fire Department.

COMPLAINT AND DEMAND FOR JURY TRIAL

66. The majority of internal WCFA applicants were eliminated from the test, regardless of the fact that they met the requirements of the test.

67. Human Resources was asked about the open promotional exam, to which HR indicated that the entire City had implemented a new policy. This statement is untrue, and the police department continues to have closed promotional exams.

68. In or around February 2018, the Department offered a training opportunity, but stated that employees would not be compensated for the time spent at the training. Contrary to this stance, the Department elected to compensate Bill Mansour, a personal friend of WHITHORN, and Chief Capelle, the outside AC hire, for the training.

69. Neither Bill Mansour nor Chief Capelle were participating in protected union activity at the time this decision was made, and no threats of demotion or retaliation were made against them to the Plaintiffs' knowledge.

70. Mayor Cory Warshaw was witnessed speaking at a "Barn Boys" event that the City would be punishing the WCFA for their union activity, cutting the cable/internet at the stations. Approximately two weeks after this event, WEST COVINA took control of all internet activity. These comments by WEST COVINA are not only extremely inappropriate for an elected official, but indicate a clear and unequivocal threat to retaliate against the WCFA for their protected activity. All internet activity in the stations is paid for by the association, but monitored and controlled by the City following this "Barn Boys" event.

71. On or about March 12, 2018, Plaintiff JACKSON was contacted by Defendant JOHNSON via text message. In this, JOHNSON indicated that he had become aware that a WCFA member had filed a workplace grievance. JOHNSON told JACKSON to stop filing grievances.

72. On or about July 9, 2018, Defendant JOHNSON contacted JACKSON approximately 30 minutes after a workplace grievance was filed for a violation of the

- 12 -

COMPLAINT AND DEMAND FOR JURY TRIAL

Memorandum of Understanding between WCFA and WEST COVINA. JOHNSON

indicated that the filing of this grievance, made pursuant to, and in accordance with

the grievance procedure set forth in the MOU, would have a negative impact on the

union contract being negotiated at the time, particularly relating to JOHNSON's

decision to change his vote regarding the possible closure of Engine 4.

73.    On or about July 26, 2018, during a video recorded city council

meeting, JOHNSON blamed WCFA for attempting to force the closures of Fire

Department units, and called for a revote. Following his threat made on July 9, 2018,

and in clear retaliation for the filing of legitimate grievances, JOHNSON voted on

August 2, 2018 to close Engine 4.

74.    This closure of Engine 4 not only violated the staffing

requirements of the MOU, but forced the demotion of four (4) WCFA members,

causing a reduction in pay as well as exacerbating the staffing and overtime issue

noted above. This caused significant damages and imposed loss of earnings to WCFA

members.

### CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
**(Retaliation Based on Exercise of Right to Free Speech and Association
Violation of 42 U.S.C. § 1983)**
**(Against All Defendants)**

75.    Plaintiffs re-allege and incorporate by reference as if fully set forth

herein Paragraphs 1 through 74.

76.    Defendants developed and maintained official rules, policies, and

customs that exhibited a deliberate indifference to WEST COVINA employees'

constitutional rights. Defendants also permitted WHITHORN to act as the final

policymaking authority when it came to certain decisions regarding WEST

COVINA's Fire Department.  Defendants then approved, ratified, and endorsed

WHITHORN's retaliatory decisions and actions. WHITHORN and his co-defendants

- 13 -

COMPLAINT AND DEMAND FOR JURY TRIAL

1   acted under color of law in conducting a retaliatory campaign to punish and suppress

2   the exercise of First Amendment rights.

3        77.    As a direct result of PLAINTIFFS' exercising their constitutional rights

4   to Free Speech and Free Association with the WCFA, as well as their right to

5   organize under federal law, Defendants retaliated against them through adverse

6   employment actions. Absent PLAINTIFFS engaging in the protected speech set forth

7   above, and associating with the WCFA, Defendants would not have taken these

8   adverse employment actions against them. At all times mentioned herein,

9   PLAINTIFFS' speech activities related to matters of public concern and were not

10   taken pursuant to any of their official job duties. PLAINTIFFS' speech activities

11   were on a matter of public concern, were relevant to the public's evaluation of the

12   performance of public officials, and relevant to citizen decisions about the operation

13   of government.

14        78.    Defendants, and each of them, used and/or allowed official policies,

15   procedures, and/or practices to retaliate against PLAINTIFFS for their exercise of

16   their rights to free speech and for their freedom to associate with the WCFA.  By

17   taking adverse employment actions against Plaintiffs substantially motivated by

18   protected speech and association, Defendants violated PLAINTIFFS' rights under the

19   First Amendment to the United States Constitution to freedom of speech, expression,

20   and association, as well as federal statutes protecting labor organization.

21        79.    Defendants' pattern and practice of retaliating against WEST COVINA

22   employees who associated with the WCFA or exercised their Free Speech and

23   Association rights, had a chilling effect upon WEST COVINA fire personnel's

24   speech activities, specifically in terms of their willingness to speak out about

25   unlawful conduct within WEST COVINA.  Defendants' multiple adverse

26   employment actions would chill and deter reasonable employees from speaking or

27   associating.

28

COMPLAINT AND DEMAND FOR JURY TRIAL

80.    As a direct result of Defendants' acts and omissions, by and through their employees, agents, and representatives, PLAINTIFFS suffered economic damages specifically, in lost wages, lost promotional pay raises, lost overtime pay, and additional lost pay and benefits that Plaintiffs would have incurred but for Defendants' adverse employment actions.

81.    As a direct, foreseeable and proximate result of Defendants' acts and omissions, PLAINTIFFS suffered and continue to suffer mental and emotional distress, physical injuries, humiliation, anxiety, embarrassment, and discomfort all to their damage in an amount according to proof at the time of trial. As a direct, foreseeable, and proximate result of the aforesaid acts and omissions, Plaintiffs also suffered and continue to suffer further economic damages such as medical expenses, incurred to treat mental, emotional, and physical injuries.

82.    In performing the acts herein alleged, WHITHORN and Does 1-10, and each of them, acted intentionally to injure PLAINTIFFS. Their conduct was despicable and performed with a willful, conscious, and reckless disregard of PLAINTIFFS' civil rights such that punitive or exemplary damages are warranted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs WEST COVINA FIREFIGHTERS ASSOCIATION, LOCAL 3226, on behalf of itself and its members, MATTHEW JACKSON, TODD SMITH, GREG LAFLUER, EDGAR VELA, SCOTT GILMORE, BRENT MEIER, JASON ROBLES, PETER AGUILAR, MICHAEL HAMBEL, and ERIC GONZALEZ pray for Judgment against Defendants CITY OF WEST COVINA, LARRY WHITHORN, and Does 1 through 20 for:

1.    Compensatory damages, economic and non-economic damages in excess of the minimal jurisdiction of this Court, in an amount according to proof;

2.    General damages to compensate PLAINTIFF WESSE for the mental and emotional injuries, physical injuries, distress, anxiety, and humiliation;

- 15 -
COMPLAINT AND DEMAND FOR JURY TRIAL

3.      Attorneys' fees in an amount according to proof pursuant to 42 U.S.C. § 1988;

4.      Exemplary or punitive damages as to Defendant LARRY WHITHORN individually, in an amount according to proof that is sufficient to punish and prevent future violations of constitutional rights;

5.      For costs of suit herein;

6.      For prejudgment interest pursuant to California Civil Code section 3287, subdivision (a); and

7.      For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs WEST COVINA FIREFIGHTERS ASSOCIATION LOCAL 3226, on behalf of itself and its members, MATTHEW JACKSON, TODD SMITH, GREG LAFLUER, EDGAR VELA, SCOTT GILMORE, BRENT MEIER, JASON ROBLES, PETER AGUILAR, MICHAEL HAMBEL, AND ERIC GONZALEZ hereby demand a jury trial.

Respectfully Submitted,

DATED: February 27, 2019          ADAMS FERRONE & FERRONE, APLC

s/ John A. Kristofferson
John A. Kristofferson (SBN 304255)
*jkristofferson@adamsferrone.com*
4333 Park Terrace Dr., Suite 200
Westlake Village, CA  91361
Telephone: (818) 373-5900
Facsimile:  (805) 874-1382